IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HIEU TRUNG NGUYEN,

    Petitioner,

v.

DAVID L. RUNNELS, Warden,

    Respondent.

No. C 04-1124 SBA (pr)

ORDER DENYING IFP STATUS

    Petitioner Hieu Trung Nguyen, a prisoner incarcerated at High Desert State Prison in Susanville, California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.

    A petitioner may file an action without prepayment of fees and costs if he submits an affidavit that he is unable to pay such costs. 28 U.S.C. § 1915(a). Leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the petitioner has demonstrated poverty and presented a cognizable claim. See O'Loughlin v. John Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First National Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

    Petitioner submitted an application to proceed in forma pauperis. The application indicates that petitioner had $97.51 in his prison trust account as of March 1, 2004. Based on the application, the Court concludes that petitioner has not demonstrated poverty and is able to pay the $5.00 filing fee for a petition for a writ of habeas corpus.[1]

**CONCLUSION**

For the foregoing reasons,

    1.    Petitioner's application to proceed in forma pauperis is DENIED.

    2.    Petitioner shall submit to the Court the $5.00 filing fee within thirty (30) days from the date of this Order. He should submit a copy of this Order with the fee.

If petitioner no longer has adequate funds in his prison trust account to cover the filing

---

[1] The Court issued an Order to Show Cause by separate order filed February 27, 2006.

fee, he may instead complete and submit an updated application to proceed <u>in forma pauperis</u>. The application must include the caption and civil case number used in this Order and a statement of the funds in petitioner's prison trust account for the last six months.

With the application, petitioner must also file a statement indicating why he now lacks sufficient funds in his account. <u>See Alexander v. Carson Adult High School</u>, 9 F.3d 1448, 1449 (9th Cir. 1993) (plaintiff who has depleted a previously adequate account and now cannot pay partial filing fee may be required to justify depletion).

3.   It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/28/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge