1

2

3

4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

5

6

7

8

9

10

| | |
|---|---|
| HIEU TRUNG NGUYEN, | No.  04-1124 SBA |
| Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | [Docket No. 36] |
| DAVID L. RUNNELS, WARDEN, | |
| Respondent. | |

_____

11

12

13

14

15

16

17

18

19

        Petitioner Nieu Trung Nguyen has filed a notice of appeal of the denial of his petition for the writ of habeas corpus under 28 U.S.C. § 2254.  Federal Rule of Appellate Procedure 22(b) provides that if an appeal is taken by a petitioner in a habeas corpus action, the district judge who rendered the judgment shall either issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) or state reasons why such a certificate should not issue.  If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.  *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  For the reasons that follow, the Court DENIES the application for a certificate of appealability.

20

21

22

23

24

25

26

27

28

**BACKGROUND**

        On April 6, 2001, following a jury trial, Nguyen was convicted of one count of second-degree murder (Cal. Penal Code § 187) and one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), along with enhancements for personally using a knife (Cal. Penal Code § 12022(b)(1)) and inflicting great bodily injury (Cal. Penal Code § 12022.7), to which charges he had pleaded not guilty. Clerk's Transcript (CT) 980, 984.  On September 21, 2001, Nguyen was sentenced to state prison for a total of 23 years to life.  Reporter's Transcript (RT) 1131.

        Nguyen filed a petition for a writ of habeas corpus in the California Court of Appeal, arguing that he had been deprived of the effective assistance of counsel at trial when his attorney failed to seek

1   appropriate jury instructions and failed to object to inadmissible lay opinion testimony from a police

2   officer to the effect that Nguyen was lying.  The Court of Appeals denied his petition, without issuing

3   an order to show cause, on June 25, 2003.  Resp't Ex. 7.  Nguyen petitioned the California Supreme

4   Court for review of the denial of his habeas petition but was denied review on September 17, 2003.

5          On March 22, 2004, Nguyen filed a petition for a writ of habeas corpus in this Court, asserting

6   violations of the Fifth, Sixth, and Fourteenth Amendments.  *See* Docket No. 1.  On March 21, 2007, this

7   Court issued an Order denying Nguyen's petition on all claims.  *See* Docket No. 34.

8          On April 19, 2007, Nguyen filed a request for a certificate of appealability in this Court.  *See*

9   Docket No. 36.

10                                              **LEGAL STANDARDS**

11         A petitioner may not appeal a final order in a federal habeas corpus proceeding without first

12  obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).  When a

13  petitioner files a notice of appeal from an order dismissing or denying a petition, the district judge who

14  rendered the judgment denying the petition must either issue a certificate of appealability or state why

15  a certificate should not issue.  *See* FED. R. APP. P. 22(b)(1).  A court shall grant a certificate of

16  appealability "only if the applicant has made a substantial showing of the denial of a constitutional

17  right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable

18  jurists would find that his constitutional claims are debatable .  *See Miller-El v. Cockrell*, 537 U.S. 322,

19  336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The certificate must indicate which issues

20  satisfy this standard and the Court of Appeals is limited to considering only those claims.  *See* 28 U.S.C.

21  § 2253(c)(3); *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

22         "Where a district court has rejected the constitutional claims on the merits, the showing required

23  to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would

24  find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S.

25  at 484.  Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2)

26  codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S.

27  880, 893-94 (1983).  *See Slack*, 529 U.S. at 483.  In *Barefoot*, the Court explained that "a substantial

28

showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted). Any doubts about whether the *Barefoot* standard has been met must be resolved in petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

**ANALYSIS**

**A.     Standard for Request for Certificate of Appealability**

In his request for a COA, a petitioner must attempt to "demonstrat[e] that reasonable jurists would find that his constitutional claims are debatable." *See Miller-El*, 537 U.S. at 336. Nguyen has not attempted to prove that constitutionally debatable questions exist; rather, he has simply reiterated selected arguments from his original petition for habeas [Docket No. 1], which were all dealt with in the Order denying him relief [Docket No. 34].

**B.     Merits of Petitioner's Argument**

Even if Nguyen's request for a COA had properly attempted to demonstrate debatable constitutional claims, his arguments--that jury instructions were deficient regarding the victim's assaultive character, imperfect self-defense, and assault, and that his counsel was inadequate, particularly in not objecting to certain testimony--are insufficient such that no reasonable jurist would support his petition for habeas corpus.

**1. Jury Instructions**

The substance of Nguyen's motion is that his sentence is illegal because of several errors in jury instruction, to which his counsel did not object.

**a. Assaultive Character Instruction**

Nguyen argues that evidence demonstrating his victim's violent propensities supported his self-defense claim, and that a judicial explanation as to how the jury should take such evidence into account was required. *See* Pet'r's Req. for COA 5 [Docket No. 36].

"A defendant is entitled to an instruction on his theory of the case 'provided that it is supported

by law and has some foundation in the evidence.'" *United States v. Del Muro*, 87 F.3d 1078, 1081 (9th Cir. 1996) (citing *United States v. Dees,* 34 F.3d 838, 842 (9th Cir.1994)). Yet "[i]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *Id.*

Like the defendant's in *Del Muro*, Nguyen's proposed instruction was not a "theory of the defense" instruction: it merely highlighted the particular evidence of Rogers's prior assaultive conduct that Nguyen believed supported his claim of innocence. The California Court of Appeal called these pinpoint instructions, because "they merely directed the jury on how to view specific evidence in relation to the elements of the offense and/or the affirmative defenses raised by defendant." Resp't Ex. 7 at 6-7. The jury had already been instructed "to consider the evidence as reflecting upon Rogers's current behavior and there was nothing to prevent the jury from considering the evidence as demonstrating the victim's propensity." *Id.* at 7.

Nguyen cites *People v. Wright*, 39 Cal. 3d 576 (1985), in support of the propositions that evidence of a victim's violent character is admissible and that it is not necessary for a defendant to have known of this character trait. *See* Pet'r's Req. for COA 5 [Docket No. 36]. "Under Evidence Code § 1103, such character traits can be shown by evidence of specific acts of the victim on third persons as well as by general reputation evidence." *People v. Wright*, 39 Cal. 3d at 587. *United States v. Keiser*, 57 F.3d 847 (9th Cir. 1995), *cert. denied*, 516 U.S. 1029 (1995), more thoroughly supports the latter proposition, while simultaneously holding that only if "proof, or failure of proof, of the character trait by itself actually satisf[ies] an element of the charge, claim, or defense," is it admissible; if not, then character is not essential and evidence should be limited to opinion or reputation." *Keiser*, 57 F.3d at 856. Once the court has determined that the victim's violent character is not an "essential element" of the defense [FED. R. EVID. 405(B)], exclusion is proper. Here, as in *Keiser*, the "claim of self-defense neither rises nor falls on [the defendant's] success in proving that [the victim] has a penchant for violen[ce]. Thus, [the defendant] ha[s] no right to introduce evidence of the incident . . . to buttress his defense." *Keiser*, 57 F.3d at 857.

Since there is no federal right to present such evidence in support of a defense, it cannot be said that failure to instruct on the use of such evidence is "contrary to" established federal law.  Hence, reasonable jurists would not find "a substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)].  Therefore, Nguyen is not entitled to federal habeas relief on this ground.

**b.  Imperfect Self-Defense Instruction**

Nguyen argues that the jury was given an overly broad definition of "unlawful or wrongful conduct," such that the jury might have believed it could make a moral judgment that it was wrong of Nguyen merely to join the fight or pick up a machete, rather than the definition of the "initiation of a physical confrontation,"described in *In re Christian*, 7 Cal. 4th 768, 773 n.1 (1994).

The California Court of Appeal held that the trial court had no duty to sua sponte clarify the instruction for the jury, since "the standard instruction correctly and adequately explained the applicable law."  Resp't Ex. 7 at 8 (citing *People v. Kelly*, 822 P.2d 385 (Cal. 1992)).  "Having failed to request clarification, defendant cannot now complain about the wording of the instruction," due to the state procedural default rule.  Resp't Ex. 7 at 8 (citing *People v. Bolin*, 956 P.2d 374 (Cal. 1998)).

Nguyen cannot now argue the merits of this claim, for "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Both federal and state law are clear, and Nguyen has demonstrated neither actual prejudice attributable to the default caused by his counsel's lack of objection nor potential for a fundamental miscarriage of justice: no reasonable jurist would dispute this Court's previous finding.

**c.  Assault Instruction**

Nguyen argues that the trial court's failure to instruct the jury that the prosecution must prove he had knowledge of the essential facts, i.e., that people were close enough to be struck by the sword,

5

removed an element of the case from the jury's consideration, thus violating his right to due process.

The trial court instructed the jury that a defendant "could be convicted of assault if he intentionally did an act which was 'probably' or was 'substantially certain' to result in a battery. Such a defendant might be acting recklessly or negligently, but an "assault requires actual knowledge of the facts sufficient to establish that the defendant's act by its nature will probably and directly result in injury to another," *People v. Williams* 26 Cal. 4th 779, 782 (2001); thus, the "issue in this case . . . is whether [Nguyen] knew that he was probably going to hit someone and [swung the machete] anyway, or whether he was just swinging wildly and struck someone negligently or recklessly." Pet'r's Req. for COA [Docket No. 36].

The California Court of Appeal recognized that California Jury Instruction 9.00 ambiguously describes the mens rea of assault and applied a harmless error standard, i.e., whether the State proved beyond a reasonable doubt that the error did not contribute to the verdict similar to that used in *Chapman v. California*, 386 U.S. 18, 24 (1967). Resp't Ex. 7 at 7. As the Court of Appeal explained, however,

> The evidence overwhelmingly demonstrated [Nguyen's] knowledge of those facts establishing that his act by its very nature would directly, naturally, and probably result in battery. [He] swung a two-foot sword in a group of people during a melee. [He] testified that he thought the sword made contact with people, "Because when I was swinging around it, [sic] could have hit someone."

Resp't Ex. 7 at 7-8. This evidence strongly supports a finding that Nguyen had knowledge of the facts that an error-free instruction would have directed the jury to find. Thus, it was not objectively unreasonable for the Court of Appeal to conclude that the State proved beyond a reasonable doubt that the instructional error did not contribute to Nguyen's assault conviction.

A reasonable jurist would not conclude the issue should have been resolved differently; thus, Nguyen is not entitled to federal habeas relief on this ground.

**2. Inadequacy of Counsel**

Nguyen asserts that his trial counsel should have objected to the police officer's statement that

he disbelieved Nguyen's claim of self-defense.  The state appellate court found that there was a legitimate tactical reason for not objecting, i.e., demonstrating officer bias in order to prove that "Sergeant Sequeira intentionally misrepresented and misinterpreted defendant's interview responses to get defendant to incriminate himself."  Resp't Ex. 7 at 11.  An appellate court "will affirm the judgment 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'"  *People v. Hart*, 20 Cal. 4th 546, 623-24 (1999) (citing *People v. Pope*, 23 Cal. 3d 412, 426 (1979)).

Nguyen's charge that his counsel acted unreasonably is insufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), because "on appeal, a conviction will be reversed on the ground of ineffective assistance of counsel 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.'"  *People v. Fosselman*, 33 Cal. 3d 572, 581 (1983).  A reasonable jurist would not find this issue debatable; Nguyen is not entitled to federal habeas relief on this ground.

### CONCLUSION

For the foregoing reasons, the application for a COA is DENIED.  Nguyen has not demonstrated that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file with this Order.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

June 25, 2007

_____
Saundra Brown Armstrong
United States District Judge

7